UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Jeffrey A Bray,

                  Plaintiff,

        v.

Blue Cross of Alaska Pediatric Medical
Insurance et al. ,
                  Defendants.

CASE NO. 2:25-cv-01127-JNW

ORDER

## 1. INTRODUCTION

The Court raises this matter of its own accord. Proceeding in forma pauperis (IFP), pro se Plaintiff Jeffrey A. Bray sues Defendants Blue Cross of Alaska Pediatric Medical Insurance, American Lake Veterans Hospital, United States Coast Guard, Camp Beracha, Alaska.Gov, Junction Point Chapel, Queen Anne Inn, and Virginia Mason (Terry Street). After reviewing the complaint, Dkt. No. 7, under 28 U.S.C. § 1915(e)(2)(B), the Court finds that Bray fails to state a claim on which relief can be granted.

ORDER - 1

## 2.  DISCUSSION

When a plaintiff proceeds IFP, Section 1915 requires the Court to dismiss the action if the Court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)).

Thus, to survive Section 1915 review, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Pro se pleadings, such as the complaint here, are liberally construed when evaluating their sufficiency. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (While *Twombly-Iqbal* imposed a "higher" plausibility standard, they did not alter courts' obligation to construe pro se complaints "liberally when evaluating them under *Iqbal*.").

Bray's complaint fails to meet the pleading standard. It consists of rambling, largely illegible statements. From what the Court can discern, Bray has some dispute with "Blue Cross Pediatric Insurance." Besides this, the nature of Bray's

ORDER - 2

claims and what occurred to give rise to his complaint is wholly unclear. Because the complaint does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678, it fails to survive Section 1915 review.

Courts ordinarily may not dismiss a pro se complaint without leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Because the Court cannot evaluate the underlying merits of Bray's claims through an illegible submission, it cannot conclude that a legible amended complaint would necessarily fail. Accordingly, Bray is granted leave to file an amended complaint that is typed or otherwise legibly written, clearly identifies each defendant, and provides a short and plain statement of the facts giving rise to each claim.

### 3.   CONCLUSION

Accordingly, the Court orders as follows:

1.  The Court DISMISSES the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice.

2.  Bray must file an amended complaint within FOURTEEN (14) days of this order that provides a short, plain, and concise statement of the factual basis for each of Bray's claims as required by Fed. R. Civ. P. 8.

3.  The amended complaint will operate as a complete substitute for Bray's original complaint. Thus, any amended complaint must not cross-reference his previous complaints, and must clearly identify the claims,

ORDER - 3

the specific facts that support each claim, which allegations are relevant to which Defendants, when the alleged wrongdoing occurred, and the specific relief requested.

4.  Failure to file a proper amended complaint within FOURTEEN (14) days of this order will result in dismissal of this action without prejudice.

The Clerk is directed to note this deadline on the Court's calendar.

Dated this 30th day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 4